## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Luis Gonzalez-Encarnacion, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent with Homeland Security Investigations and have been since December 2023. I am currently assigned to the Immigration Crimes Group in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I was appointed in 2019 as a Border Patrol Agent with the United States Border Patrol. As a Homeland Security Investigations Special Agent, I have received formal and on the job training and I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and as a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in taking and considering evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. Based on my law enforcement experience detailed herein, as well as my training, and experience of other law enforcement officers who are participating in this investigation, serve as the basis for the conclusion set forth herein.

2.  This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

3. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 8 U.S.C. 1326 (a) and (b)(1) – *Reentry of removed alien subsequent to a felony conviction* has been committed by Jeffrey Miguel AQUINO-Mejias (AQUINO-Mejias).

## PROBABLE CAUSE

On March 12, 2025, AQUINO-Mejias, was encountered and arrested by Homeland Security Investigations Agents (HSI) in San Juan, Puerto Rico. AQUINO-Mejias was arrested at a shopping mall located at 65 Infantry Avenue, at the corner of Barbosa Ave, Urb San Agustin, San Juan, Puerto Rico.

1. An outstanding arrest warrant for Rudys CONTRERAS-Severino was issued on October 13, 2006, due to violations of Title 21 USC 963 and Title 18 USC 1956. Through various investigative methods, HSI San Juan agents identified the cellphone number utilized by CONTRERAS-Severino and obtained a Search and Seizure Warrant (25-148(M)) to authorized the collection and examination of the radio signal emitted by CONTRERAS-Severino cellular phone.

2. With this federal warrant, the HSI agents were able to locate CONTRERAS-Severino at 65 Infanteria Shopping Mall located at 65 Infantry Avenue, at the corner of Barbosa Ave, Urb San Agustin, San Juan, Puerto Rico.

3. Upon arriving at the aforementioned shopping mall, HSI agents identified CONTRERAS-Severino and an unknown companion traveling in a 2007 Toyota Camry with Puerto Rico license plate GYL984. The vehicle was registered to Jeffrey Miguel AQUINO-Mejias, who was the driver. The agents activated their blue lights and sirens to initiate a traffic stop, but the driver attempted to flee, striking a parked vehicle. Both individuals then abandoned

the vehicle and fled on foot. HSI agents identified themselves as federal agents and ordered the individuals to stop. A foot pursuit ensued, and both individuals were eventually apprehended.

4. Subsequently, HSI SAs conducted an immigration examination on AQUINO-Mejias to determine his admissibility and it was determined that AQUINO-Mejias was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to enter, pass through, or remain in the United States. HSI SAs determined that AQUINO-Mejias is inadmissible to the United States, and SAs arrested and transported AQUINO-Mejias to HSI Office in San Juan Processing Center for further processing.

5. As to AQUINO-Mejias immigration and criminal history, record checks revealed the following:

   a. AQUINO-Mejias is a native and citizen of the Dominican Republic by virtue of his birth in Santo Domingo, Dominican Republic.

   b. On June 13, 2022, in the Federal District Court for the District of Puerto Rico, in criminal case number **21-216 (SCC)**, AQUINO-Mejias was criminally prosecuted and convicted for the offense of PROHIBITED PERSON IN POSSESS OF A FIREARM AND AMMUNITION: ALIEN, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), and sentenced to time served (366 days) to be followed by 2 years of supervised release. The offense of conviction was for an aggravated felony.

   c. He was placed in administrative removal as an aggravated felon under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), for having been convicted with an aggravated felony involving firearms, pursuant to

Section101(a)(43)(E) of the INA, and on June 15, 2022, an administrative order of removal was issued against AQUINO-Mejias.

  d. On August 2, 2022, AQUINO-Mejias was physically removed from the United States to the Dominican Republic.

4. AQUINO-Mejias was read his Miranda rights which he waived. AQUINO-Mejias stated that he illegally re-entered the U.S. sometime in 2022 through Cabo Rojo, Puerto Rico. AQUINO-Mejias stated that he traveled in a yawl departing from Higuey, Dominican Republic with other three occupants. AQUINO-Mejias stated that he did not pay for the trip.

5. Record checks also revealed that as of March 14, 2025, AQUINO-Mejias had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, AQUINO-Mejias has not obtained consent from the Secretary of Homeland Security to enter the United States, nor does he have any immigration documents allowing him to legally enter and/or remain in the United States.

6. On March 12, 2025, AQUINO-Mejias, a national and citizen of the Dominican Republic, was found in the United States after been previously removed from the United States. AQUINO-Mejias was not admitted, inspected, or paroled into the United States by an immigration officer, nor did AQUINO-Mejias present himself at a designed port of entry for inspection.

## CONCLUSION

7. Based on the forgoing, and based upon my training, experience and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that AQUINO-Mejias reentered the United States after being removed in violation of 8 U.S.C. § 1326(a) and (b)(1) – *Reentry of removed alien subsequent to a felony conviction*.

*E.: 25-237 (MEL)*

*Affidavit of Criminal Complaint*

Respectfully submitted,

LUIS O GONZALEZ-ENCARNACION
Digitally signed by LUIS O GONZALEZ-ENCARNACION
Date: 2025.03.14 10:45:05 -04'00'

Luis Gonzalez-Encarnacion
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at *11:42AM* by telephone, this *14th* day of March, 2025.

HON. MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO